# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-01V**

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                            *
CHRISTOPHER BOST,                           *      Chief Special Master Corcoran
                                            *
                                            *
          Petitioner,                       *      Filed:  June 15, 2026
                                            *
     v.                                     *
                                            *
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
          Respondent.                       *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*David J. Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Dima J. Atiya*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IINTERIM AWARD FOR ATTORNEY'S FEES AND COSTS[1]

On January 4, 2022, Christopher Bost filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that as a result of receiving a seasonal influenza vaccine on September 18, 2020, he developed Chronic Inflammatory Demyelinating Polyneuropathy. *See* Petition at 1. After briefing, I issued a ruling in favor of Petitioner, and resolution of damages is still pending. Ruling, dated Mar. 18, 2026 (ECF No. 47).

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated July 21, 2025 (ECF No. 45) ("Interim Fees Mot."). It is the first fees request in the case.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012). Individual section references hereafter will be to § 300aa of the Vaccine Act (but will omit that statutory prefix).

Petitioner requests a total of $200,635.05 (reflecting $147,235.25 in attorney's fees, plus $53,399.80[3] in costs) for the work of attorneys, law clerks, and paralegals at Green & Schafle LLC. Interim Fees Mot. at 3. Respondent reacted to the fees request on August 4, 2025. *See* Response, dated Aug. 4, 2025 (ECF No. 46) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for a fees and costs award are met herein, and if so, the calculation of the amount to be awarded. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$200,635.05**.

## ANALYSIS

### I.    Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Hum. Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Hum. Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs incurred to that point in time, but prior to the case's full resolution, may be awarded. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). But because no entitlement determination has been (usually) made at the time an interim award is sought, the party requesting such an award must meet the reasonable basis standard applicable to literally "unsuccessful" cases. *Avera*, 515 F.3d at 1352.

While there is no presumption of entitlement to interim fees and costs awards (rendered in advance of a case's final determination), special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,00.00; 2) where expert costs are requested, if the aggregate amount is more than $15,00.00; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Hum. Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). In addition, the withdrawal or

---

[3] Petitioner listed his litigation costs as $53,147.94 at first in his motion, but then lists his costs as $53,399.80 on the same page. Interim Fees. Mot. at 3. His invoices included with his motion are consistent with the latter figure. *Id.* at 48. Therefore, I shall interpret his requested costs as $53,399.80.

substitution of counsel is often deemed reasonable grounds in and of itself for an interim award (except where the special master has foundational concerns about the claim's reasonable basis). *See e.g., Woods v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 148, 154 (2012).

For fee requests generally, counsel must submit contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id*. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

I find an interim award is appropriate in this case considering that it has been over four years since its inception, and a significant amount of fees and costs have already been generated. In addition, although interim fees requests are subject to a showing of reasonable basis, that requirement is clearly met, given that I have already found entitlement in favor of the Petitioner. Accordingly, I will allow a fees award.

## II.    Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee

3

award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his various attorneys, based on the years work was performed:

**Green & Schafle LLC**

|  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|
| **David J. Carney (Attorney)** | n/a | n/a | $375.00 | $400.00 | $425.00 | $450.00 | $475.00 |
| **Adam M. Green (Attorney)** | n/a | $400.00 | $400.00 | $425.00 | $425.00 | $450.00 | $475.00 |
| **Evan R. Baker (Law Clerk)** | n/a | n/a | $150.00 | $157.50 | $165.00 | n/a | n/a |
| **Law Clerk** | n/a | n/a | n/a | $157.50 | $157.50 | $157.50 | $157.50 |
| **Paralegal** | $145.00 | $145.00 | $145.00 | $145.00 | $175.00 | $175.00 | $185.00 |

Interim Fees Mot. at 2–3.

Mr. Carney practices in Philadelphia, Pennsylvania—a jurisdiction that has been deemed "in forum," and thus entitling him and his associated attorneys to commensurate rates established in *McCulloch*. *See Grant v. Sec'y of Health & Hum. Servs.,* No. 20-1262V, 2024 WL 3176349, at *2 (Fed. Cl. Spec. Mstr. May 28, 2024). The hourly rates requested for the attorneys and their paralegals for time billed are reasonable and consistent with our prior determinations and will therefore be adopted herein. *Lee v. Sec'y of Health & Hum. Servs.*, No. 24-0195V, slip op. at 2 (Fed. Cl. Spec. Mstr. Feb. 25, 2026). And I deem the time spent on the matter reasonable as well.

4

### III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault*, 52 Fed. Cl. at 670; *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester,* 2013 WL 5367670, at *16. When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $53,399.80 in outstanding costs, including medical record retrieval costs, mailing costs, filing fees, and expert witness expenses. Interim Fees Mot. at 45–89. Petitioner has provided supporting documentation for all claimed costs. *See id.* Petitioner's non-expert costs requested herein are typical in Program cases and were reasonably incurred in this matter, and Respondent offered no specific objection to the rates or amounts sought. Therefore, I find the requested costs reasonable and hereby award them in full. I discuss Petitioners' expert costs below.

    1. *Petitioner's Expert Costs for Joseph S. Jeret, M.D.*

Dr. Jeret is a neurologist who prepared two reports on Petitioner's behalf. Petitioners request $12,750.00 for 25.5 hours of work performed by Dr. Jeret at a rate of $500.00 per hour. Interim Fees Mot. at 81–82. Dr. Jeret has previously been awarded his requested rate, and I see no reason to make an alternative finding. *See Ray v. Sec'y of Health & Hum. Servs.*, No. 20-321V, 2025 WL 2780387, at *5 (Fed. Cl. Spec. Mstr. Sep. 5, 2025*); Young v. Sec'y of Health & Hum. Servs.*, No. 20-478V, 2025 WL 1453558, at *2 (Fed. Cl. Spec. Mstr. Apr. 10, 2025). Additionally, I find the overall number of hours expended by Dr. Jeret to be reasonable, and I will award his expert costs in full.

    2. *Petitioner's Expert Costs for Noga Or-Geva, M.D.*

Dr. Or-Geva is a neuroimmunologist and regenerative medicine expert who wrote two expert reports for this matter. Petitioner requests $33,750.00 for Dr. Or-Geva's work, billed at $300.00 an hour for 112.50 hours of work. Interim Fees Mot. at 48. Dr. Or-Geva has previously been awarded an hourly rate of $300.00 in the Program. *Cheatwood v. Sec'y of Health & Hum. Servs.,* No. 21-23V, 2025 WL 3689117, at *3 (Fed. Cl. Spec. Mstr. Aug. 6, 2025). That rate is acceptable, and I also find the hours spent on this matter reasonable, and shall grant the total requested costs herein.

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs. **I award a total of <u>$200,635.05</u> (reflecting $147,235.25 in fees and $53,399.80 in costs) to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this Decision.[4]

   **IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.